## Case No. 16,282.

### UNITED STATES v. SHOREY.

[9 Int. Rev. Rec. 202.]

Circuit Court, D. New Hampshire. May, 1869.

VIOLATION OF TARIFF LAWS—INDICTMENT—LIMITATION.

S. demurred to an indictment for an offence against the tariff act of August 30, 1842 [5 Stat. 548], that the same had not been found within two years subsequent to the commission of the act charged _Held_, that the indictment, having been found within five years subsequent to the act charged, was within the terms of the act of March 26, 1804 [2 Stat. 290], and was good.

[This was an indictment against Alanson J. Shorey for smuggling. Defendant was heretofore allowed to withdraw his plea of not guilty, and demur to the indictment. Case No. 16,280. The case is now heard on a demurrer, which was accordingly filed.]

CLIFFORD, Circuit Justice. Persons who knowingly and wilfully, with intent to defraud the United States, smuggle or clandestinely introduce into the United States any goods, warés, or merchandise subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, are declared by the nineteenth section of the act of the 30th of August, 1842, to be guilty of a misdemeanor. 5 Stat. 565. Charge against the defendant is founded upon that provision, and the indictment is in the usual form.

The defendant demurred to the indictment, and the district attorney joined in demurrer. Leave being granted to the defendant to plead to the merits in case, the indictment is adjudged sufficient. Cause of demurrer is, that the offence, as alleged in the indictment, was not committed within two years. next before the time when the indictment was found. As alleged, the offence was committed on the 10th of October, 1865, but the indictment was not found till the May term, 1868, more than two years after the offence was committed. Limitation of the crimes act of the 30th of April, 1790, is that no person shall be prosecuted, tried, or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence or incurring the fine or forfeiture aforesaid. Tested by that provision, the decision of the court would necessarily be in favor of the defendant, but it is quite certain that the provision relied on by the defendant, as applied to the case at bar. has been repealed by the third section of the act of the 26th of March, 1804, as contended by the district attorney. 2 Stat. 290. By that section it is provided that any person or persons guilty of any crime arising under the revenue law of the United States, or incurring any fine or forfeiture by breaches of the said laws, may be prosecuted, tried, and punished, provided the indictment or information be found at any time within five years after committing the offence, or incurring the fine or forfeiture, any law or provision to the contrary notwithstanding. Argument is not necessary to show that the offence of smuggling, as defined in the 19th section of the act of the 30th of August, 1842, is a "crime arising under the revenue laws of the United States"; and, as such, the provision is express that it may be prosecuted, tried and punished, provided the indictment or information, as the case may be, is found at any time within five years after committing the offence or incurring the fine or forfeiture. Beyond question that provision applies to offences against the revenue laws passed subsequently to that date, as well as to those defined under laws existing at the time the limitation was enacted; and, if so, then it is clear that the question before the court is controlled by that provision. Adams

v. Woods, 2 Cranch [6 U. S.] 336; U. S. v. Mayo [Case No. 15,755]; Johnson v. U. S. [Id. 7,418]; U. S. v. Ballard [Id. 14,507].

Comment upon the 4th section of the act of the 28th of February, 1839, need not be made as it is obvious that it refers only to penal actions, and to proceedings in rem to enforce a forfeiture, and not to crimes. Simpson v. Pond [Case No. 13,455].

But notice must also be taken of the 14th section of the act of the 3d of March, 1863 [12 Stat. 741], not referred to by the counsel on either side. Express provision is there made for the repeal of so much of the 3d section of the act entitled "An act in addition to the act for the punishment of certain crimes against the United States," approved March 26, 1804, as imposes any limitation upon the commencement of any action or proceeding for the recovery of any fine, penalty, or forfeiture incurred by reason of the violation of any law of the United States relating to the importation or entry of goods, wares or merchandise. 12 Stat. 741. Viewed in any light, however, it is clear that that provision cannot benefit the defendant, as it does not purport to repeal that part of section 3 of that act which authorizes indictments for crimes to be found at any time within five years after the offence was committed. Smuggling is a crime, and by the 4th section of the act of the 18th of July, 1866, may be punished by fine or imprisonment, or by both, in the discretion of the court. 14 Stat. 179.

Demurrer overruled. Leave granted to plead over.